01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  SAIDAH COAXUM,                        )
                                          )   CASE NO. C10-1815-MAT
09        Plaintiff,                      )
                                          )
10  v.                                    )   ORDER GRANTING IN PART
                                          )   AND DENYING IN PART MOTION
11  STATE OF WASHINGTON, et al.,          )   TO AMEND
                                          )
12        Defendants.                     )
    _____ )
13

14          Plaintiff, proceeding with counsel in this 42 U.S.C. § 1983 civil rights case, filed a

15  motion to amend her complaint.  (Dkt. 30.)   She seeks to add an allegation related to her failed

16  attempt to obtain a nursing assistant education and certificate, and to "substitute" Lorraine Lee

17  and Roosevelt Currie, Jr., Directors of the Washington State Office of Administrative Hearings

18  (OAH), as defendants.  (*Id*. at 1-2.)  Defendant opposes the motion to amend.  (Dkt. 31.)

19  Now, having considered the motion, the proposed amended complaint, and defendants'

20  objections, the Court finds and concludes as follows.

21          Federal Rule of Civil Procedure 15 provides that "leave [to amend a pleading] shall be

22  freely given when justice so requires." Fed. R. Civ. P. 15 (a).   Leave to amend may be denied

ORDER RE: MOTION TO AMEND
PAGE -1

01    where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party,

02    or when the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

03          Defendants persuasively argue against plaintiff's desire to amend her complaint through

04    the inclusion of Lee and Currie as defendants.  As noted by defendants, plaintiff appears to

05    seek to join these individuals as defendants, as she sets forth no basis for party substitution.

06    *See* Fed. R. Civ. P. 25 (providing that a party may be substituted in situations involving death,

07    incompetency, transfer of interest, or due to the death or separation from office of a public

08    officer).  Plaintiff's request to join defendants is untimely.  The deadline to join additional

09    parties passed on September 20, 2011, after the Court lifted the stay in this matter on August 19,

10    2011 and well before plaintiff filed her October 18, 2011 motion to amend.  (Dkts. 27, 29.)

11          Plaintiff's attempt to add Lee and Currie as defendants is also futile.  Plaintiff's claims

12    involve the suspension and revocation of her child care license and a founded child abuse

13    finding by the OAH.  Plaintiff avers that Lee and Currie failed to supervise the Administrative

14    Law Judges who heard plaintiff's state claims.  (Dkt. 30 at 2 (alleging "their lack of supervision

15    . . . amounts to a deliberate indifference" to her constitutional rights); *see also* Dkt. 30-1 at 8,

16    10-11 (proposed amended complaint).)  However, a plaintiff in a § 1983 action may not hold

17    supervisory personnel liable under § 1983 for constitutional deprivations under a theory of

18    supervisory liability.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, a plaintiff

19    must allege facts showing how individually named defendants caused or personally

20    participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355

21    (9th Cir. 1981).  Plaintiff fails to set forth any facts demonstrating how Lee or Currie

22    personally participated in causing her harm of constitutional dimension.  In addition, to the

ORDER RE: MOTION TO AMEND
PAGE -2

01   extent sued in their official capacities, Lee and Currie, as state officials, are not considered

02   persons for purposes of a § 1983 damages claim.   *Arizonans for Official English v. Arizona*,

03   520 U.S. 43, 69 n.24 (1997).   *See also Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836,

04   839 (9th Cir. 1997) (Eleventh Amendment bars claims against state officials acting in official

05   capacity) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989)).[1]

06          On the other hand, the Court finds insufficient objection to plaintiff's request to include

07   an allegation related to her failed attempt to obtain a nursing assistant education and certificate.

08   Defendants argue against this amendment as unduly delayed and prejudicial, noting plaintiff

09   was aware of this allegation prior to the February 2011 filing of their motion to stay, that

10   plaintiff waited until just two days before the close of discovery to note her motion to amend,

11   and that, given the conclusion of discovery in November 2011, they will be very limited in

12   discovering the bases for her new allegation.

13          It is unclear why plaintiff waited so long to amend her complaint.   However, "delay

14   alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD*

15   *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987) (cited source omitted).   "If the

16   underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

17   ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182;

18   *accord DCD Programs, Ltd.*, 833 F.2d at 186 ("[A] motion to make an 'amendment is to be

19   liberally granted where from the underlying facts or circumstances, the plaintiff may be able to

20   state a claim.") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).   The Court

21   _____

22          1 While an exception to Eleventh Amendment immunity exists for suits seeking prospective
     injunctive relief, *Doe*, 131 F.3d at 839, plaintiff's proposed claims against Lee and Currie remain both
     untimely and futile for the reasons stated above.

ORDER RE: MOTION TO AMEND
PAGE -3

01  does not find the delay in adding the allegation a sufficient basis to deny plaintiff's motion to

02  amend.

03      Nor is it at all clear that defendants would be prejudiced by the amendment.   Indeed, as

04  defendants concede, they have long been aware of the allegation at issue.  (Dkt. 19-1 at 1-2

05  (plaintiff outlined the allegation in a March 2011 declaration, asserting that, on or about

06  February 1, 2011, she was informed she could not complete her nursing assistant

07  education/certification due to the finding of child abuse and/or neglect).)  Their response to

08  plaintiff's motion makes clear that they were aware of plaintiff's desire to amend her complaint

09  to include the allegation prior to plaintiff's deposition.  (*See* Dkt. 31 at 8 n.34.)  Moreover, a

10  November 14, 2011 agreed motion filed by the parties revealed their continued engagement in

11  discovery beyond the November 7, 2011 discovery deadline.  (Dkt. 33 at 1 (stating that the

12  parties were "still completing discovery[]" and anticipated discovery would be complete by

13  November 18, 2011).)  (*See also* Dkt. 34 (continuing dispositive motion deadline from

14  December 5, 2011 to January 9, 2012).)  For these reasons, the Court finds no support for

15  defendants' contention that they would "not be allowed to do discovery[]" (Dkt. 31 at 8), or would

16  be otherwise unduly prejudiced in relation to plaintiff's new allegation.  *See DCD Programs,*

17  *Ltd.*, 833 F.2d at 187-88 (finding no undue delay where suit was "still at the discovery stage[.]")

18      In sum, for the reasons stated above, plaintiff's motion to amend (Dkt. 30) is GRANTED

19  in part and DENIED in part.   Plaintiff may not join Lee or Currie as defendants in this matter.

20  She may, however, submit a revised amended complaint containing the new allegation as to a

21  nursing assistant education and certification.   Plaintiff shall submit the revised amended

22  / / /

ORDER RE: MOTION TO AMEND
PAGE -4

01   complaint within **ten (10) days** of the date of this Order.

02     DATED this <u>29th</u> day of November, 2011.

03

04             _____

05             Mary Alice Theiler
          United States Magistrate Judge

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER RE: MOTION TO AMEND
PAGE -5