UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAIDAH COAXUM, | ) |
| | ) CASE NO. C10-1815-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER RE: MOTION TO FILE |
| | ) OVERLENGTH BRIEF AND MOTION |
| STATE OF WASHINGTON, et al., | ) TO STRIKE |
| | ) |
| Defendants. | ) |
| | ) |

Defendants filed a motion for leave to file an over-length brief (Dkt. 39) and a motion to strike portions of plaintiff's amended complaint (Dkt. 37). Plaintiff did not respond to either motion. Having considered the motions, along with the remainder of the record, the Court finds and concludes as follows:

(1)  The Court finds defendants' request to file a summary judgment motion exceeding the page limit in Local Rule 7(e)(3) by six additional pages reasonable.[1] Defendants' motion to file an over-length brief (Dkt. 39) is, accordingly, GRANTED.

---

[1] The summary judgment motion subsequently filed by defendants, in fact, only exceeded the applicable page limit by four pages.  (Dkts. 41 & 49.)

ORDER RE: PENDING MOTIONS
PAGE -1

(2) Defendants also seek to strike portions of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(f) ("The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Defendants specifically ask that the Court strike allegations in plaintiff's amended complaint relating to the alleged bias of various administrative law judges, and their training and supervision, and allegations related to the conduct of the revocation hearing. (*See* Dkt. 36 at 8, ¶¶ 4.5-4.10.) Defendants note that the Court limited its order granting plaintiff's motion to amend only to the inclusion of a new allegation regarding a nursing assistant education and certification, and denied plaintiff's request to add two Office of Administrative Hearing (OAH) supervisors as defendants. (Dkt. 35.) Defendants aver that the allegations related to training, bias, and supervision of OAH employees by the individuals plaintiff sought to add as defendants and the conduct of the OAH hearing, although not specifically addressed in the Court's order, are much more closely aligned with the Court's denial of the amendment, than with the granting of the amendment.

The Court construes plaintiff's failure to respond to defendants' motion as an admission that the motion has merit. Local CR 7(b)(2). The Court further finds, having considered the motion, as well as the balance of the record in this matter, that defendants' motion should be granted. Plaintiff limited her motion requesting amendment of the complaint to the following: (1) the inclusion of an allegation regarding her nursing assistant education and certification; and (2) the inclusion of two OAH supervisors as defendants. (Dkt. 30 at 1-2.) In granting the motion, the Court found only that plaintiff could "submit a revised amended complaint containing the new allegation as to a nursing assistant education and certification." (Dkt. 35 at

4.) While the Court did not directly address the allegations at issue in the current motion, defendants persuasively argue that those allegations appear directly tied to plaintiff's failed attempt to include two OAH supervisors as defendants. (*See* Dkt. 36 at 8, ¶¶ 4.5-4.10.) Moreover, had plaintiff intended to apply the allegations beyond the OAH supervisors, she should have addressed such amendment in her motion to amend. *See* Fed. R. Civ. P. 15(a)(2) (allowing leave to amend, without the opposing party's consent, only by "the court's leave.") For all of these reasons, the Court hereby GRANTS defendants' motion to strike paragraphs 4.5 through 4.10 in plaintiff's amended complaint.

(3) The Clerk is directed to send a copy of this Order to the parties.

DATED this 2nd day of February, 2012.

Mary Alice Theiler
United States Magistrate Judge